LIZZIE IVES ET AL. v. CHARLES GRING.

(Filed 17 February, 1909.)

1. Negligence—Evidence—Nonsuit—Marine Railway.

In an action for damages to plaintiff's marine railway, lawfully placed, by defendant's tugboat running into it at night, an instruction that plaintiff could not recover is properly refused when the evidence tended to show that the captain of the tugboat was fully aware of the location of the railway, could have seen it by the moonlight and lights in the harbor, and had deviated from a channel known to him and which would have afforded ample room for his boat to pass without injury.

2. Same—Nuisance.

The captain of a tugboat is not authorized to run into a marine railway unnecessarily and negligently, though the railway was illegally placed and constructed and was a public nuisance.

3. Burden of Proof—Contributory Negligence—Proximate Cause—Instructions—Questions for Jury.

The burden of proof is on defendant to show contributory negligence, and when there is evidence tending to show that negligence on defendant's part caused the injury the court cannot fix, as a matter of law, contributory negligence or proximate cause upon plaintiff.

4. Negligence—Causal Connection—Instructions.

A prayer for instruction, based upon plaintiff's negligent act, which did not cause the injury complained of, is properly refused.

5. Negligence—Light—Marine Railway—Proximate Cause—Contributory Negligence—Instructions.

In an action for damages to plaintiff's marine railway, caused by defendant's tugboat running into it at night, a charge was correct, when there was evidence to support it, that if plaintiff did not have a light on its marine railway, and such failure was the proximate cause of the injury, to find the plaintiff guilty of contributory negligence.

6. Negligence—Marine Railway—Construction—Proximate Cause—Harbor Line—Questions for Jury.

In an action for damages to plaintiff's marine railway, caused by defendant's tugboat running into it at night, the question of proximate cause arising from the extension of the railway beyond the harbor line was one for the jury.

ACTION tried before *Webb, J.,* and a jury, at September Term, 1908, of PASQUOTANK.

Defendant appealed.

*Aydlett & Ehringhaus* for plaintiff.
*J. Heywood Sawyer* for defendant.

CLARK, C. J.   This is an action for damages to the marine railway of plaintiffs by the tugboat of the defendant.   The evidence is that the tugboat, which was bound down the river, instead of following the usual course, ran diagonally towards the shore, and, striking the marine railway of plaintiffs, damaged it.   The captain of the tugboat testified that he knew the locality well, having passed it more than two hundred times.   After the injury he offered to pay damages, but the parties could not agree upon the amount.   It was a bright moonlight night, and there was also a bonfire on shore and a line of electric lights, which lighted up the harbor.   There were 540 feet between the end of the marine railway and the buoy on the opposite side, in which space the tugboat should have passed.

The court properly refused to charge that, upon the evidence, the plaintiffs were not entitled to recover, and to answer the first issue "No."   Whether there was a harbor line or not, the marine railway was a necessity for the repair of vessels.   It was not shown to be located there illegally, or that it was a public nuisance; and if it had been, the tugboat was not authorized to run into it unnecessarily and negligently, as the evidence tended to show.   The marine railway had been at that place eighteen years, and the captain of the tugboat had been by it, he says, more than two hundred times.

The court also properly refused to charge that as a matter of law the plaintiff was guilty of contributory negligence.   The burden was upon the defendant to set this up and "prove it on the trial."   Revisal, sec. 483.   There was evidence tending strongly to show that the cause of the injury was the negligence of the defendant.   The court properly refused the prayer to instruct the jury that the proximate cause of the injury was the contributory negligence of the plaintiff.

If it were negligence for the plaintiff to leave the cradle under water on the railway at night, this did not cause the injury.   Clearly the proximate cause was the negligence of the tugboat in not proceeding on its course in a channel 540 feet

BABB *v.* MANUFACTURING CO.

wide, but going several hundred feet out of its way and driving in shore against the marine railway.

The court properly charged that if the plaintiff did not have a light on its marine railway, and such failure was the proximate cause, to find the plaintiff guilty of contributory negligence. The court also properly refused to charge that if the marine railway extended beyond the harbor line this was the proximate cause, but left the inquiry as to the proximate cause to the jury.

Upon the evidence the jury could hardly have found otherwise than that the proximate cause of the injury was the negligent handling of the tugboat and its going two hundred feet or more out of its course and outside of the regular channel.

No Error.